# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2020

Lyle W. Cayce
Clerk

No. 19-20704
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALVARO ROBLEDO TOVAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-492-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Alvaro Robledo Tovar appeals the sentence imposed pursuant to his guilty-plea conviction of conspiracy to possess with intent to distribute a controlled substance, possession with intent to distribute 500 grams or more of cocaine, and possession with intent to distribute five kilograms or more of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-20704

cocaine. He argues that his within-Guidelines sentence is substantively unreasonable, contending that the district court gave too much weight to the large quantity of cocaine for which he was held responsible when balanced against his low criminal history score and his self-described "average" role in the offense.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *see Rita v. United States*, 551 U.S. 338, 347 (2007). The district court considered Tovar's arguments that he had no prior criminal history, that he was pressured by a cartel into trafficking cocaine, and that he was merely an average participant in the operation. Taking into account the 18 U.S.C. § 3553(a) factors, the district court found that Tovar's supervisory role and the quantity of cocaine for which he was responsible warranted a within-guidelines sentence, albeit at the low end of the advisory range on account of the pressure he received from the cartel. On this record, Tovar has not shown that his sentence is the result of a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). His appellate argument is tantamount to a request that this court re-weigh the § 3553(a) factors, which we will not do. *See Gall*, 552 U.S. at 51. Tovar's mere disagreement with the propriety of the sentence imposed is insufficient to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *See United States v. v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.